Order Entered on
March 30, 2023
by Clerk U.S. Bankruptcy Court
Southern District of California

CSD 1001A 4884514v1

Name, Address, Telephone No. & I.D. No.

FRANKLIN SOTO LEEDS LLP
Paul J. Leeds, Esq.. (Bar No. 214309)
pleeds@fsl.law
Meredith King, Esq.. (Bar No. 280043)
mking@fsl.law
444 West C Street, Suite 300
San Diego, CA 92101
[Proposed] Attorneys for Debtor and Debtor-in-Possession,
Laura's Original Boston Brownies, Inc

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

LAURA'S ORIGINAL BOSTON BROWNIES, INC.,

Debtor.

BANKRUPTCY NO. 23-00656-CL11 (jrm)

Date of Hearing: March 30, 202 3
Time of Hearing: 9:00 a.m.
Name of Judge: Hon. Christopher Latham

# ORDER ON
# MOTION FOR ORDER AUTHORIZING THE SALE OF EQUIPMENT

The court orders as set forth on the continuation pages attached and numbered 2 through 4 with exhibits, if any, for a total of 17 pages. Motion/Application Docket Entry No. 69/86. (jrm)

//

//

//

//

//

//

//

DATED: March 30, 2023

Judge, United States Bankruptcy Court

Debtor and Debtor-in-Possession LAURA'S ORIGINAL BOSTON BROWNIES, INC. ("Debtor") filed a motion ("Motion") on March 24, 2023 seeking an order authorizing the sale of the estate's rights, title, and interest in equipment free and clear of liens, claims, and interests pursuant to 11 U.S.C. §§ 363(b) and (f).

A hearing was held on Debtor's Motion on March 30, 2023. Appearances were as stated on the record.

The Court, having read and considered Debtor's Motion, and all papers in support, as well as all oppositions and responses on the record, and having heard and considered all oral argument presented at the time of the hearing, and good cause appearing, hereby orders as follows:

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.
2. The Stipulation attached hereto as **Exhibit A** between Debtor and B.D. Briggs, LLC ("B.D. Briggs"); First American Commercial Bancorp, Inc. ("First American"); Mitsubishi HC Capital America, Inc. f/k/a Hitachi Capital America Corp., successor in interest to Jules and Associates, Inc. ("Mitsubishi"); Robert Reiser & Co., Inc. ("Reiser"); and Comerica Bank ("Comerica") regarding the sale of the Equipment is APPROVED.
3. The terms of the Stipulation are incorporated into this order by reference, and the Court retains jurisdiction to enforce same. In the event of a conflict between the terms of this order and the Stipulation, the terms of the order shall control. B.D. Briggs, First American, Mitsubishi, and Reiser are collectively referred to herein as the "Equipment Creditors."
4. Notice of the hearing on the Motion was fair and equitable under the circumstances and sufficiently complied with 11 U.S.C. § 102(1) and Fed. Rs. Bankr. P. 2002, 6004, 6006, and 9014.
5. Debtor is authorized pursuant to 11 U.S.C. § 363(b)(1) to sell the equipment ("Equipment") identified on Exhibit T to the Declaration of Shira Weissman dated March 24, 2023 to the highest and best bidder at the online, public auction scheduled to end on April 5, 2023 which is described in Debtor's Motion under the terms set forth in Debtor's Motion and the attached Stipulation. The Equipment may be sold in its "as is," "where is" condition without any warranty expressed or implied.
6. In the event that the highest and best bidder at the auction is not able to complete their purchase of the Equipment, except as otherwise provided herein, Debtor is authorized to sell the Equipment to the next best bidder who is able to provide adequate assurance of their ability to complete the purchase under the terms identified in Debtor's Motion.
7. The Court finds that the auction procedures identified in Debtor's Motion are sufficient to ensure that a fair and reasonable price is received for the estate's interest in the Equipment and that the sale of the Equipment as proposed is in the best interests of Debtor, the estate, creditors, and all parties in interest.
8. Debtor is authorized to take all actions and execute any and all documents as may be necessary to consummate the sale of the Equipment as proposed.
9. Effective upon delivery of the Equipment sold, the sale shall constitute a legal, valid, and effective transfer of the Equipment and shall vest all right, title, and interest of the estate in the buyer as set forth in this Order.
10. The sale of the Equipment under the terms of Debtor's Motion and the Stipulation attached as **Exhibit A** shall be free and clear of all liens, claims, and interests pursuant to 11 U.S.C. § 353(f). The sale shall specifically be free and clear of the interests as claimed in the Stipulation, including the following:
    a. B.D. Brigg's claimed interest in Items 145, 146,147,148,and 171 arising from its July 21, 2022 agreement with Debtor.
    b. First American's claimed interest in Items 121A, 138, 156, 160, 166, 172, 205, 207, and 224 arising out of First American's July 25, 2019 and August 15, 2019 agreement with Debtor.

a. First American's claimed interest in Items 129, 138, 149, 151, 162, 165, 167, 168, 175, 176, 199, 200, and 237 arising out of First American's July 25, 2019 and February 19, 2020 agreement with Debtor.

b. First American's claimed interest in Item 163 arising out of First American's July 25, 2019 and February 12, 2020 agreement with Debtor.

c. Mitsubishi's claimed interest in Item 213 arising out of Jules & Associates' February 5, 2021 agreement with Debtor.

d. Reiser's claimed interest in Item 139 arising out of its August 17, 2020 agreement with Debtor.

e. A claimed perfected security interest and lien in favor of Comerica Bank asserted against Debtor's personal property of every kind, whether presently existing or thereafter created or acquired, and wherever located (as well as all proceeds therefrom) as set forth in more detail in the Declaration of Natali Amir (Dkt. 82-1).

11. The sale of the Equipment shall be free and clear of the ownership interests of Debtor's equity holder(s).

12. As set forth in the Stipulation, Debtor shall waive any right to costs and expenses under 11 U.S.C. § 506(c) apart from compensation approved by this Court payable to the auctioneers.

13. Based on the record in these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid on the Equipment.

14. No later than three weeks from the date of the auction, Debtor's Auctioneers shall deliver to Debtor the net proceeds from the sale. As set forth in the Stipulation, Debtor shall hold these proceeds in a separate, interest bearing debtor-in-possession account at Comerica pending further order from this Court.

15. As set forth in the Stipulation, promptly upon receipt of the net proceeds, Debtor will seek Court authority to pay:

a. B.D. Briggs the proceeds from the sale of Item 145.

b. First American the proceeds from the sale of Items 121A, 129, 138, 149, 151, 156, 160, 162, 163, 165, 166, 167, 172, 175, 176, 199, 200, 205, 207, 224, and 237.

c. Mitsubishi the proceeds from the sale of Item 213.

d. Reiser $37,657 from the sale of Item 139.

16. The payments of B.D. Briggs, First American, Reiser, and Mitsubishi shall be by stipulation and/or upon further order of the Court after a report of sale is filed in accordance with Local Rule 6004-2.

17. Item 139 shall not be sold for a price less than $37,657. In the event Debtor is unable to sell Item 139 for an amount in excess of $37,657, Reiser and Debtor shall negotiate the stipulated removal of Item 139 no later than April 12, 2023, subject to notice and further Court order as per the Stipulation.

18. After receipt of $37,657 and/or the surrender of Item 139, Reiser shall have no further claim against this bankruptcy estate.

19. Item 145 shall not be sold for a price less than $75,000. In the event Debtor is unable to sell Item 145 for an amount in excess of $80,000, B.D. Briggs and Debtor shall negotiate the stipulated removal of Item 145 no later than April 12, 2023, subject to notice and further Court order as per the Stipulation.

20. Except as is otherwise provided herein, entry of this order and the payment of proceeds to the Equipment Creditors as contemplated in the Stipulation shall be without prejudice to the Equipment Creditors' rights to seek further payment from the bankruptcy estate on any rejection, deficiency, or unsecured claim to which the Equipment Creditor may be entitled to under Title 11 of the United States Code. Entry of this order shall further be without prejudice to Debtor's rights to object or otherwise dispute further payment to the Equipment Creditors.

21. As set forth in the Stipulation, following the sale of the Equipment each of the Equipment Creditors and Comerica shall hold replacement liens attaching to the proceeds from the sale of the Equipment in which they have an interest with the same validity, priority, force, and effect as the interest they currently hold, with all parties to the Stipulation reserving all rights, defenses and/or claims for avoidability, if any that may exist.

22. Time is of the essence, and, to maximize the value of the Equipment, it is essential that the sale occur within the time constraints identified in the Motion. Accordingly, cause exists to lift the stay contemplated by Fed. R. Bankr. P. 6004(h). This order shall therefore be of immediate force and effect.

23. This Court shall retain exclusive jurisdiction to enforce the terms of this Order in all respects and decide any disputes concerning this Order or the rights and duties of the parties hereunder.

**IT IS SO ORDERED.**

APPROVED AS TO FORM:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

/s/ Gerrick M. Warrington
Gerrick M. Warrington, Esq.
Attorney for *Comerica Bank*

APPROVED AS TO FORM:

BENANTI & ASSOCIATES

/s/ Paul A. De Genaro
Paul A. De Genaro, Esq.
Attorney for *First American Commercial Bancorp, Inc_*

APPROVED AS TO FORM:

LAW OFFICE OF WILLIAM P. FENNEL, APLC

/s/ Evan R. Sorem
Evan R. Sorem, Esq.
Attorney for *Robert Reiser & Co., Inc.*



Signed by Judge Christopher B. Latham March 30, 2023

# EXHIBIT A

PAUL J. LEEDS, ESQ. (Bar No. 214309)
pleeds@fsl.law
MEREDITH KING, ESQ. (Bar No. 280043)
mking@fsl.law
FRANKLIN SOTO LEEDS LLP
444 WEST C STREET, SUITE 300
SAN DIEGO, CA 92101
TEL: 619.236.1551
FAX: 619.696.1410

[Proposed] Attorneys for Debtor and Debtor-in-Possession,
*Laura's Original Boston Brownie ss, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>LAURA'S ORIGINAL BOSTON BROWNIES, INC.,<br><br>Debtor and Debtor-in-Possession. | CHAPTER 11<br><br>CASE NO. 23-00656-CL11<br><br>**STIPULATION RE: MOTION FOR ORDER AUTHORIZING THE SALE OF EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (f)**<br><br>CASE FILED: March 13, 2023<br>DEPT: 5<br>JUDGE: Hon. Christopher B. Latham<br><br>Date: March 30, 2023<br>Time: 9:00 a.m.<br>Dept.: 5 |

**TO THE HONORABLE CHRISTOPHER B. LATHAM, UNITED STATES BANKRUPTCY JUDGE, ALL PARTIES IN INTEREST AND THEIR COUNSEL OF RECORD, AND CLERK OF THE COURT:**

PLEASE TAKE NOTICE that the undersigned, by and through their counsel of record, hereby stipulate as follows:

1. Debtor and Debtor-in-Possession Laura's Original Boston Brownies, Inc. filed a MOTION FOR ORDER AUTHORIZING THE SALE OF EQUIPMENT FREE

AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (f) (Doc 69) (the "Motion") on March 24, 2023 for an order authorizing the sale of the estate's rights, title, and interest in certain equipment free and clear of liens, claims, and interests pursuant to 11 U.S.C. §§ 363(b) and (f) at an online auction scheduled to begin March 30, 2023 and scheduled to close April 5, 2023 ("Sale"). The equipment ("Equipment") which Debtor seeks to sell is identified by lot number on Exhibit T to the Declaration of Shire Weismann filed in support of Debtor's Motion (Doc. 72, pgs. 7-21).

2. On March 27, 2023, the Court entered an order ("Employment Order") granting Debtor's APPLICATION TO EMPLOY AUCTIONEER (Doc 79). The Employment Order approved the employment of Rabin Worldwide, Inc. and Capital Recovery Group, LLC ("Auctioneers") to conduct the Sale. The order authorized payment to the Auctioneers of certain commissions, premiums, costs, and expenses. As used herein the term "Net Proceeds" shall refer to all proceeds received from Debtor from the Sale net all amounts authorized as payment to the Auctioneers under the Employment Order.

3. Notwithstanding any provision set forth herein, all parties expressly agree the Auctioneers shall be entitled to all payments authorized in the Employment Order. To the extent that any provision in the Stipulation could be interpreted as conflicting with the terms of the Employment Order, the terms of the Employment Order control.

4. In Debtor's Motion, Debtor identified the following creditors which claim an interest in the Equipment: B.D. Briggs, LLC ("B.D. Briggs"); First American Commercial Bancorp, Inc. ("First American"); Jules and Associates, Inc. ("Jules and Associates"); Robert Reiser & Co., Inc. ("Reiser"); and Comerica Bank ("Comerica"). On March 27, 2023, Mitsubishi HC Capital America, Inc. f/k/a Hitachi Capital America Corp. ("Mitsubishi") contacted Debtor by and through Mitsubishi's counsel of record and advised that Mitsubishi was Jules and Associates' successor in interest. Together B.D. Briggs; First American; Mitsubishi (as the successor in interest to Jules and Associates); and Reiser are collectively referred to herein as the "Equipment Creditors."

5. After filing its Motion, Debtor has spoken with representatives of the



Signed by Judge Christopher B. Latham March 30, 2023

Equipment Creditors and Comerica and negotiated several conditions of the Sale of the Equipment. With these conditions in place, the Equipment Creditors and Comerica have agreed to the Sale on the terms set forth in Debtor's Motion and this Stipulation. The Equipment Creditors and Comerica therefore agree to entry of the stipulated proposed order attached hereto as **Exhibit A.**

**I. B.D. BRIGGS**

6. B.D. Briggs, LLC ("B.D. Briggs") claims to hold an interest on Items 145 146, 147, 148, and 171 identified on the Equipment List arising out of its July 21, 2022 agreement with Debtor ("B.D. Briggs Agreement").

7. B.D. Briggs consents to the sale of Items 145, 146, 147, 148, and 171 as set forth in Debtor's Motion on the following terms:

a. A reserve price of $80,000 will be set for Item 145 at the proposed auction and Item 145 will not be sold for less than this amount.

b. In the event Item 145 does not sell at the auction, Debtor and B.D. Briggs will negotiate the removal of Item 145 from Debtor's facility no later than April 12, 2023. Any removal will be subject to further Court order pursuant to ¶ 20.e.

c. In the event Items 145, 146, 147, 148, and 171 are sold at the auction, B.D. Briggs shall hold a replacement lien on all proceeds from the sale of Items 145, 146, 147, 148, and 171 with the same validity, force, and effect its prepetition interest in the equipment.

d. After receipt of the Net Proceeds, Debtor will seek approval from the Court to promptly pay B.D. Briggs the full value of its claim.

e. Debtor will waive any further right to seek the payment of costs and expenses under 11 U.S.C. § 506(c).

f. In the event Item 145 is sold at the auction but B.D. Briggs fails to receive the full value of its claim, B.D. Briggs will reserve its rights to seek further payment from the estate on any rejection, deficiency, or



Signed by Judge Christopher B. Latham March 30, 2023

unsecured claim arising out of the B.D. Briggs Agreement. Debtor will reserve all rights to object or otherwise dispute further payment to B.D. Briggs.

## II. FIRST AMERICAN

8. First American claims it is the owner and lessor to Debtor of Items 121A, 138, 156, 160, 166, 172, 205, 207, and 224 identified on the Equipment List (collectively, the "FA 1 Equipment") arising out of a certain Master Lease Agreement No. 2019578 dated July 25, 2019 and Equipment Schedule No. 01 and Exhibit A thereto dated August 15, 2019 between First American and Debtor (collectively, "FA 1 Agreement").

9. First American claims that as of March 27, 2023 it is owed $163,862.79 under the FA 1 Agreement ("FA Claim 1"). This amount includes $89,281.96 in payments which First American claims are due under the FA 1 Agreement; $72,454 which First American estimates to be the fair market value of the FA 1 Equipment; and sales tax of $2,126.83. Debtor disputes the amount of the FA Claim 1 and that $163,862.79 is owed pursuant to the FA 1 Agreement under applicable law.

10. First American claims it is the owner and lessor to Debtor of Items 129, 138, 149, 151, 162, 165, 167, 168, 175, 176, 199, 200, and 237 (collectively, the "FA 2 Equipment") identified on the Equipment List arising out of a certain Master Lease Agreement No. 2019578 dated July 25, 2019 and Equipment Schedule Equipment Schedule No. 02 and Exhibit A thereto dated February 20, 2020 between First American and Debtor (collectively, the "FA 2 Agreement").

11. First American claims that as of March 27, 2023 it is owed $383,454.06 under the FA 2 Agreement ("FA Claim 2"). This amount includes $103,496.83 in payments which First American claims are due under the FA 2 Agreement; $267,653.00 which First American estimates to be the fair market value of the FA 1 Equipment; sales tax of $7,241.00; and property tax of $3,063.23. Debtor disputes the amount of the FA Claim 2 and that $383,454.06 is owed pursuant to the FA 2 under applicable law.

12. First American claims it is the owner and lessor to Debtor of Item 163 ("FA



Signed by Judge Christopher B. Latham March 30, 2023

3 Equipment") identified on the Equipment List arising out of the FA 2 Agreement.

13. First American claims that as of March 27, 2023 it is owed the remaining payments under the FA 2 Agreement; the fair market value of the FA 3 Equipment; and taxes associated with the sale and maintenance of the FA 3 Equipment ("FA 3 Claim"). Debtor disputes the amounts owed under the FA 2 Agreement under applicable law.

14. Despite the disputes outlined above, First American consents to Debtor's sale of the FA 1, FA 2, and FA 3 Equipment (collectively, the "FA Equipment") at the Sale as set forth in Debtor's Motion subject to the following terms:

a. Upon the sale of the FA Equipment, Debtor acknowledges, agrees, and admits that First American shall hold a lien on all proceeds (and/or shall maintain, all right, title, and interest in and to said proceeds) with the same validity, force, and effect as its prepetition interest in the FA Equipment.

b. After receipt of the Net Proceeds from the Sale, Debtor will seek approval from the Court to promptly pay First American all proceeds from the sale of the FA Equipment.

c. Debtor will waive any further right to seek the payment of costs and expenses under 11 U.S.C. § 506(c).

d. First American will reserve its rights to seek further payment from the estate on any rejection, deficiency, or unsecured claim arising out of the FA 1 and FA 2 Agreements. Debtor will reserve all rights to object or otherwise dispute further payment to First American.

e. Solely for purposes of the Motion and the Sale, First American does not dispute Debtor's assertion that it is permitted to sell the FA Equipment at the Sale; provided, however, that First American otherwise reserves any and all rights with respect to the FA Equipment, including, without limitation, to dispute that the FA Equipment is property of Debtor's estate.



Signed by Judge Christopher B. Latham March 30, 2023

f. Subject to further hearing and Court order as set forth in ¶ 20.e. below, Debtor shall promptly surrender to First American any FA Equipment not sold at the Sale (or any portion thereof identified by First American), in accordance with the terms of the FA 1 and FA 2 Agreements.

## III. MITSUBISHI

15. Mitsubishi claims to hold an interest on Item 213 identified on the Equipment List arising out of the February 5, 2023 agreement between Jules and Associates and Debtor.

16. Mitsubishi consents to the sale of Item 213 as set forth in Debtor's Motion on the following terms:

a. Upon the sale of Item 213, Mitsubishi shall hold a replacement lien on all proceeds from the sale of Item 213 with the same validity, force, and effect as its prepetition interest in the equipment.

b. After receipt of the Net Proceeds, Debtor will seek approval from the Court to promptly pay Mitsubishi all proceeds from the sale of Item 213.

c. Debtor will waive any further right to seek the payment of costs and expenses under 11 U.S.C. § 506(c).

d. Mitsubishi will reserve its rights to seek further payment from the estate on any rejection, deficiency, or unsecured claim arising out of the Jules and Associates' agreement with Debtor. Debtor will reserve all rights to object or otherwise dispute further payment to Mitsubishi.

## IV. REISER

17. Reiser claims to hold an interest on Item 139 identified on the Equipment List arising out of Reiser' August 17, 2020 agreement with Debtor ("Reiser Agreement").

18. Reiser consents to the sale of the Item 139 as set forth in Debtor's Motion on the following terms:



Signed by Judge Christopher B. Latham March 30, 2023

a. A reserve price of $37,657 will be set for Item 139 at the proposed auction and Item 139 will not be sold for less than this amount.

b. In the event that Item 139 does not sell at the auction, Debtor and Reiser will negotiate the removal of Item 139 from Debtor's facility no later than April 12, 2023.

c. In the event Item 139 is sold at the auction, Reiser shall hold a replacement lien on all proceeds from the sale of Item 139 in an amount not greater than $37,657 with the same validity, force, and effect its prepetition interest in Item 139.

d. After receipt of the Net Proceeds, Debtor will seek approval from the Court to promptly pay Reiser the full value of its claim up to $37,657.

e. Debtor will waive any further right to seek the payment of costs and expenses under 11 U.S.C. § 506(c).

f. Upon the payment of $37,657 from the estate or the surrender of Item 139 as is set forth herein, Reiser shall have no further claim against the estate.

g. In the event Item 139 is sold at the auction but Reiser fails to receive $37,657 Reiser will reserve its rights to seek further payment from the estate on any rejection, deficiency, or unsecured claim arising out of the Reiser Agreement. Debtor will reserve all rights to object or otherwise dispute further payment to Reiser.

## V. COMERICA

19. Comerica claims to hold a lien against all of Debtor's personal property of every kind, whether present existing or thereafter create or acquired and wherever located.

20. Comerica consents to the sale of the Equipment as set forth in Debtor's Motion and this Stipulation and specifically to the payment of the Equipment Creditors and Comerica on the terms set forth above with the following conditions:

a. Comerica shall hold a replacement lien attaching to the proceeds from



Signed by Judge Christopher B. Latham March 30, 2023

the Sale remaining after payment of the Equipment Creditors which have a senior lien priority as set forth herein with the same validity, priority, force, and effect as its prepetition interest in the Equipment.

b. Following payment of any Equipment Creditors having senior lien priority, Debtor will seek Court approval to promptly pay Comerica all remaining net equipment sale proceeds.

c. Debtor will waive any further right to seek the payment of costs and expenses under 11 U.S.C. § 506(c).

d. Comerica reserves its rights to seek further payment from the estate on any secured, administrative, rejection, deficiency, or unsecured claim arising out of the Comerica agreements with Debtor. Debtor will reserve all rights to object or otherwise dispute further payment to Comerica.

e. Notwithstanding anything to the contrary set forth herein, at all times prior to making any payments and/or surrendering any claimed equipment or proceeds to Equipment Creditors and/or Comerica, Debtor shall hold all Net Proceeds from the sale in an interest-bearing debtor-in-possession account at Comerica pending further stipulation and/or hearing and order(s) of this Court.

IT IS SO STIPULATED.

DATED: March 30, 2023

**FRANKLIN SOTO LEEDS LLP**

By: /s/ *Paul J. Leeds, Esq.*
PAUL J. LEEDS, ESQ.
MEREDITH KING, ESQ.
[Proposed] Attorneys for
Debtor and Debtor-in-Possession,
*Laura's Original Boston Brownies, Inc.*

DATED: March 30, 2023

**B. D. BRIGGS, LLC**

By:______________________
RAY GUDELANIS
It's: ____________

DATED: March 30, 2023

**BENANTI & ASSOCIATES**

By:______________________
PAUL A. DE GENARO, ESQ.
Attorneys for *First American Commercial Bancorp, Inc.*

DATED: March 30, 2023

**GREENSTEIN SELLERS, PLLC**

By: /s/ Jacob B. Sellers
JACOB B. SELLERS, ESQ.
Attorneys for *Mitsubishi HC Capital America, Inc. f/k/a Hitachi Capital America Corp. successor in interest to Jules and Associates, Inc.*

DATED: March 30, 2023

**LAW OFFICE OF WILLIAM P. FENNEL, APLC**

By:______________________
EVAN R. SOREM, ESQ.
Attorneys for *Robert Reiser & Co., Inc.*

DATED: March 30, 2023

**FRANDZEL ROBINS BLOOM & CSATO, L.C.**

By: /s/ Gerrick M. Warrington
GERRICK M. WARRINGTON, ESQ.
Attorneys for *Comerica Bank*



Signed by Judge Christopher B. Latham March 30, 2023

DATED: March 30, 2023

**B. D. BRIGGS, LLC**

By: ______________________
RAY GUDELANIS
It's: ___________

DATED: March 30, 2023

**BENANTI & ASSOCIATES**

By: ______________________
PAUL A. DE GENARO, ESQ.
Attorneys for *First American Commercial Bancorp, Inc.*

DATED: March 30, 2023

**GREENSTEIN SELLERS, PLLC**

By: ______________________
JACOB B. SELLERS, ESQ.
Attorneys for *Mitsubishi HC Capital America, Inc. f/k/a Hitachi Capital America Corp. successor in interest to Jules and Associates, Inc.*

DATED: March 30, 2023

**LAW OFFICE OF WILLIAM P. FENNEL, APLC**

By: ______________________
EVAN R. SOREM, ESQ.
Attorneys for *Robert Reiser & Co., Inc.*

DATED: March 30, 2023

**FRANDZEL ROBINS BLOOM & CSATO, L.C.**

By: ______________________
GERRICK M. WARRINGTON, ESQ.
Attorneys for *Comerica Bank*

DATED: March 30, 2023

**B. D. BRIGGS, LLC**

By:______________________________
RAY GUDELANIS
It's: ______________

DATED: March 30, 2023

**BENANTI & ASSOCIATES**

By:______________________________
PAUL A. DE GENARO, ESQ.
Attorneys for *First American Commercial Bancorp, Inc.*

DATED: March 30, 2023

**GREENSTEIN SELLERS, PLLC**

By:______________________________
JACOB B. SELLERS, ESQ.
Attorneys for *Mitsubishi HC Capital America, Inc. f/k/a Hitachi Capital America Corp. successor in interest to Jules and Associates, Inc.*

DATED: March 30, 2023

**LAW OFFICE OF WILLIAM P. FENNEL, APLC**

By:______________________________
EVAN R. SOREM, ESQ.
Attorneys for *Robert Reiser & Co., Inc.*

DATED: March 30, 2023

**FRANDZEL ROBINS BLOOM & CSATO, L.C.**

By:______________________________
GERRICK M. WARRINGTON, ESQ.
Attorneys for *Comerica Bank*



Signed by Judge Christopher B. Latham March 30, 2023

DATED: March 30, 2023

**B. D. BRIGGS, LLC**

By:______________________________

RAY GUDELANIS
It's: ____________

DATED: March 30, 2023

**BENANTI & ASSOCIATES**

By:______________________________

PAUL A. DE GENARO, ESQ.
Attorneys for *First American Commercial Bancorp, Inc.*

DATED: March 30, 2023

**GREENSTEIN SELLERS, PLLC**

By:______________________________

JACOB B. SELLERS, ESQ.
Attorneys for *Mitsubishi HC Capital America, Inc. f/k/a Hitachi Capital America Corp. successor in interest to Jules and Associates, Inc.*

DATED: March 30, 2023

**LAW OFFICE OF WILLIAM P. FENNEL, APLC**

By:______________________________

EVAN R. SOREM, ESQ.
Attorneys for *Robert Reiser & Co., Inc.*

DATED: March 30, 2023

**FRANDZEL ROBINS BLOOM & CSATO, L.C.**

By:______________________________

GERRICK M. WARRINGTON, ESQ.
Attorneys for *Comerica Bank*



Signed by Judge Christopher B. Latham March 30, 2023